UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOSE CHARACTERS FROM
CLEVELAND, LLC,

                         Plaintiff,

          -against-

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A TO THE
COMPLAINT,

                         Defendants.

26-CV-2444 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The application for a temporary restraining order, Dkt. 8, is DENIED WITHOUT PREJUDICE.

Potential fair use or First Amendment defenses may exist with respect to Does 9, 12, 16, 18, 22, 29, 33, 43, 50, 51, 53, 54, 55, 56, 57, 60, 61, 62, 63, 64, 56, 66, 67, 69, 71, 72, 73, 74, 76, 77, 78, 79, 80, 83, 84, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96, 97, 98, 99, 100, 101, 102, 104, 105, 106, 107, 108, 109, 110, 113, 114, 115, 116, 117, 119, 120, 121. 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 136, 137, 138, 139, 140, 143, 146, 147, 148, and 149. With respect to the trademark claims, it is not obvious to the Court that a reasonable consumer would have a likelihood of confusing the origin of a clear parody "Don't Care Bear" with marijuana imagery with the Care Bears. Under both trademark and copyright law, they would have the potential for fair use defenses. And there are also potential First Amendment defenses. *See, e.g.*, *Rogers v. Grimaldi*, 875 F.2d 994, 998 (2d Cir. 1989).

With respect to these claims, plaintiff must show why there is a likelihood of success with respect to each product individually, considering both the likelihood of confusion factors under *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961) as well as potential defenses under fair use and the First Amendment. Plaintiff is reminded that it must adhere to the heightened duty of candor applicable in ex parte proceedings, and disclose all facts that are material even if they are adverse to plaintiff's position. ABA Model Rule of Professional Conduct 3.3(d). The Court is especially skeptical that products where the sole infringement contention is the use of the phrase "Don't Care Bear" without a bear that looks anything like plaintiff's protected marks could meet the standard; and the remaining products may similarly fail to satisfy the plaintiff's burden.

The remaining claims assert primarily copyright claims. Besides screenshots of online storefronts, the only evidence of infringement submitted is the declaration of a consultant to the plaintiff. Dkt. 11. The declaration states that "[n]one of the Defendants in Exhibit 3 have authorization or license to use the CARE BEARS IP for any purpose." *Id.* ¶ 17. And it states in conclusory fashion that the products are "infringing." *Id.* ¶ 19.

That's insufficient. A seller need not have permission to sell an item subject to a copyright so long as the first sale was authorized—even if that first sale was abroad and the product was manufactured abroad. *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 525 (2013). The declaration does not make clear whether the products were sold as authorized abroad and only their importation was unauthorized (which is not actionable under *Kirtsaeng*) or whether the products were wholly unauthorized (which could give rise to a copyright claim).

Even assuming there is an actionable claim, the current record is insufficient. It is not clear to the Court based on what plaintiff has submitted how the consultant was able to conclude that the products were infringing given that they are merely screenshots of a website and no physical inspection was done. Plaintiff did not submit a side-by-side comparison showing how the products differed from authorized products. Nor did it state that it had never authorized a product similar to the ones in question. If a company representative is able to explain how he or she is able to conclude products no corporate representative appears to have personally examined are counterfeit, the Court will reconsider the copyright claims. As with the claims above, plaintiffs are advised to consider each product separately, as any relief must be justified as to each product.

Temporary restraining orders are extraordinary tools that are never given as a matter of right. Plaintiff's current submission falls short of the burden it must carry for such drastic relief. Should plaintiff wish to renew its application, it may do so within 14 days of this order. Any reapplication should be accompanied with detail as to the estimated dollar volume of merchandise to be enjoined, as the Court will take that into account in setting any bond amount.

The motion to temporarily seal certain documents, Dkt. 7, is GRANTED. The Court may order the documents unsealed after 30 days without notice unless plaintiff suggests there is cause for extending the seal.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 7 and 8.

SO ORDERED.

Dated: March 27, 2026
        New York, New York

_____
        ARUN SUBRAMANIAN
        United States District Judge

2