

**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

April 13, 2026

**<u>VIA ECF</u>**
Hon. Arun Subramanian
Courtroom 15A
United States Courthouse
500 Pearl Street
New York, New York, 10007

Leave for Amended Pleadings ISO TRO to be Filed Under Seal: Case No. 2:26-cv-2444 – *Those Characters From Cleveland v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint.*

Dear Hon. Judge Subramanian,

I am Counsel for Plaintiff Those Characters From Cleveland in this matter.

Pursuant to this Court's Order, Dkt. 19 entered on March 27, 2026, Plaintiff intends to file an Amended Complaint, Declaration of the President of Those Characters From Cleveland, LLC (Sean Gorman) and a renewed Memorandum to renew its request for entry of a Temporary Restraining Order including its request to complete service of process on Defendants via electronic means. Plaintiff requests leave from this Court to file said Amended Complaint and Exhibit 3 and 4 thereto under seal. Plaintiff further requests the Court accept its renewed filings on April 13, 2026, which is slightly past the deadline set by the Court of 14 days from its March 27, 2026 Order. Plaintiff needed a little extra time, until April 15, 2026, to prepare its supplemental filings and voluminous exhibits to the Amended Complaint.

In this action, Plaintiff is requesting this ex parte relief based on claims for trademark and copyright infringement and Plaintiff intends to file an Amended Complaint, outlining specific details related to each Defendant's infringement, address, and identity, along with a renewed TRO memorandum, declaration, and exhibits containing information specific to each Defendant and its infringement of the Care Bears IP. Sealing is necessary to prevent the Defendants from learning of these proceedings prior to the entry of any temporary restraining order. If Defendants were to learn of these proceedings prematurely the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

The Second Circuit has noted that "notice all too often appears to serve only to render fruitless further prosecution of the action." *In re: Vuitton et Fils S.A.,* 606 F.2d 1, 4-5 (2d Cir. 1979). Affording a defendant time to destroy evidence, hide assets, and effectively make a getaway "is precisely contrary to the normal and intended rule of notice." *In re: Vuitton et Fils S.A.,* 606 F.2d at 5.



**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

Plaintiff recognizes and acknowledges the importance of public access to court records. However, Plaintiff's ability to preserve its intellectual property rights increasingly necessitates that the targets of its anti-counterfeiting efforts remain unaware that they are the subject of anti-counterfeiting measures. To that end, Plaintiff seeks a temporary seal over its Amended Complaint, Exhibits 3 and 4 thereto, in support of TRO until the Court has reviewed Plaintiff's ex parte motion and, if granted, until Plaintiff has served the TRO upon Defendants and the Defendants' Seller Aliases and Financial Institutions that they use to conduct their illegal business. Plaintiff anticipates this will take approximately one month from the date of filing, subject to the Court's schedule.

This temporary seal is a narrowly tailored remedy which effectively and appropriately balances the public's right of access to court records, ensures that Plaintiff's efforts to assert its IP rights will not be in vain, and prevents Defendants from abusing the public availability of court records to aid their efforts to remove evidence and assets from the jurisdiction of this Court. Plaintiff anticipates to file the amended complaint along, renewed application for TRO, along with declaration and supporting exhibits by April 15, 2026.

Dated: April 13, 2026                          Respectfully submitted,


                                               */s/ Shengmao Mu*
                                               Shengmao Mu
                                               NY No. 5707021
                                               **WHITEWOOD LAW PLLC**
                                               57 West 57th Street, 3rd and 4th Floors
                                               New York, NY, 10019
                                               Telephone: (917) 858-8018
                                               Email: smu@whitewoodlaw.com

                                               *Counsel for Plaintiff*


The motion for an extension to April 15 is GRANTED, the motion to seal is DENIED WITHOUT PREJUDICE. Plaintiff should file the documents to be sealed provisionally under seal, with redacted copies for the public docket, and afterwards file a motion to seal.

Should plaintiff seek future extensions, it should seek the extension at least two business days before the deadline, not after the deadline as in this case. Any further requests for extensions by plaintiff that are filed after the deadline will be denied solely on that basis.
The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 13, 2026

2