UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Those Characters from Cleveland, LLC,<br><br>                Plaintiff,<br><br>-against-<br><br>The individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule A,<br><br>                Defendants. | 26-CV-2444 (AS)<br><br><u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff's third application for a temporary restraining order is DENIED WITH PREJUDICE. The renewed application fails to address the deficiencies in the prior applications. Given that plaintiff has had three attempts, the Court will not entertain further requests for a TRO absent changed circumstances.

The Court first addresses the plaintiff's copyright claims. Although plaintiff states it has "substantially narrowed" its motion in response to the Court's prior orders, Dkt. 43 at 2, its motion does not appear to have narrowed the products it is targeting at all.

The problem with the copyright claims remains the same: plaintiff has not rebutted any potential first-sale defense. The closest plaintiff comes to a valid argument for why the defense does not apply is when it states that "the product images depict graphics, character art, and branding elements that are not presented as genuine secondhand goods or otherwise identified as originating from Plaintiff." *Id.* at 3. But that statement's sole support is a sentence in an earlier filed declaration discussing nominative fair use for trademark purposes, which has little to do with a prior-sale defense for a copyright claim. *See* Dkt. 25 ¶ 14. And even if it did, plaintiff fails to do the item-level analysis required to show that each individual product is infringing, as individualized attention is required to make sure that plaintiff did not cast too wide a net. Instead, the side-by-side comparison it submitted supports solely its prima facie case of copying—for which it likely has met its burden—but fails to rebut the potential defense.[1]

The Court recognizes that it is difficult for a plaintiff to rebut a first-sale defense without inspecting the products. But the burden is on plaintiff to demonstrate entitlement to the extraordinary relief it seeks. And evidentiary challenges do not mean that this Court can lower the burden on plaintiff. *Cf. Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 796 (8th Cir. 2003) ("We agree that in an indirect profits case the profits 'attributable' to the infringement are more difficult to quantify. But that difficulty does not change the burden of proof established by the

---

[1] Plaintiff's additional arguments—such as claims that the allegedly infringing products are priced too low to be genuine—are devoid of any citation to any evidence and would be insufficient even if they did.

statute."). In other words, the Court cannot put a thumb on the scale just because plaintiff has a difficult task. And here, plaintiff has failed to meet its burden of persuasion on its copyright claims. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–130 (2d ed. 1995))).

There is another problem for a subset of the identified products. Plaintiff has failed to address the potential fair use and First Amendment defenses related to the products in question that use "Don't Care Bears" (or a variation) along with marijuana imagery. Plaintiff doubles down on its reliance on *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140 (2023), which the Court previously noted was inapposite. It argues that because someone sought to have the phrase "Don't Care Bear" federally trademarked (the application received a nonfinal denial by the U.S. Patent and Trademark Office), it must therefore be source identifying. That argument fails.

Plaintiff's argument appears to assume that it was defendants who sought to protect "Don't Care Bears." *See* Dkt. 43 at 7 (stating in passing that it was defendants who filed the application with the PTO to register "Don't Care Bears"). Plaintiff cites no evidence for that proposition, nor does it even acknowledge the critical assumption. And it appears that the assumption is improper, given that defendants appear to reside primarily abroad while the applicant to the USPTO is in Nebraska. *Compare* Dkt. 14 (addresses abroad) *with* Dkt. 44-2 at 2 (address in Weeping Water, NE).[2] That alone is likely fatal to plaintiff's argument; even assuming the application is evidence that the applicant intends to use the phrase as source identifying, it says nothing about wholly unrelated parties. And even if it was defendants who had filed the application, that would at most be evidence that they intended to use the phrase as source identifying for some product or products, but not necessarily the ones at issue in this case.

Apart from pointing to the registration application, plaintiff makes no argument that defendants are using the marks as source identifying in this case and therefore fails to show *Jack Daniel's* applies. As plaintiff makes no other argument to rebut a potential First Amendment or fair use defense, it has failed to demonstrate a likelihood of success on its trademark claims.

The request for electronic service is DENIED. The Court does not believe that electronic service is permissible under the Hague Convention in these circumstances. The exhibit that plaintiff submitted suggests that many of the retailers can be located; although the two mapping services might not have turned up an "exact match," many of them have turned up partial matches that appear likely to be the proper address for the respective defendant. Many of the remaining addresses appear not to be found because plaintiff used the English transliteration of Chinese and Vietnamese addresses. And the Court is not satisfied that these mapping websites comprehensively track all addresses in the countries at issue. Far from "reasonable diligence," plaintiff appears to have done very little to locate defendants, just copying and pasting addresses into online mapping services, claiming failure where there is no exact match (even if there are addresses that mostly match), and declining to consult any local individuals who could provide further information.

---

[2] Furthermore, it's not even clear that defendants are working together, despite plaintiff's treatment of them as a monolithic entity.

As a result, the Court cannot conclude that electronic service would be permitted under the Hague Convention. Plaintiff should attempt service under the Hague Convention first for any defendant for whom a partial match was found. Should service fail, plaintiff can renew its application for electronic service if accompanied by declarations from local individuals who attempted service explaining the process taken with respect to each defendant. Plaintiff can, of course, seek waivers of service from defendants electronically.

The request for expedited discovery is GRANTED IN PART and DENIED IN PART. Plaintiff may take expedited discovery of information necessary to identify defendants and serve them with process. But since plaintiff has not made a showing for preliminary relief, it is not entitled to discovery at this time to support asset restraints or other measures, so the request is otherwise denied.

The Court notes that plaintiff failed to comply with the Court's order to submit a redacted, unsealed version of its prior filings. But in any event, with no emergency relief issuing despite the Court affording plaintiff three bites at the apple, there is no reason to continue to shield the identity of the defendants given the presumption of public access to court dockets. The sealed documents from all three applications will be unsealed.

***

The Court fully understands the predicament that plaintiff—and other rights holders like plaintiff—are in. They think that there are rampant sales of counterfeit goods on online marketplaces like Amazon, and they want to stamp them out. But they think if the sellers know they've been spotted they will disappear and re-emerge somewhere else, with different names and monikers, to try again. Plaintiff could itself go to the online marketplaces and seek relief from them, but that might be cumbersome and time-consuming. It's much easier to simply file an ex parte motion for a temporary restraining order against an absent defendant, and secure the necessary relief on the quick, with the knowledge that the defendants likely won't appear to undo the relief obtained. But the law's requirements can't be adjusted to meet the plaintiff's desire for expediency.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. 42, and to unseal Dkts. 12, 13, 14, 27, 28, 29, 30, 31, 32, 45, and 46.

SO ORDERED.

Dated: June 17, 2026
    New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

3